# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE 12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,**

      **Plaintiff,**

**v.**                                **Civil Action No. 2:16-cv-09232**
                                                 **(Judge Johnston)**

**TARA RETAIL GROUP, LLC,**

      **Defendant.**

## AMENDED DEFENSES AND ANSWER
## TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant, Tara Retail Group, LLC ("Defendant"), by counsel, states the following in response to the Plaintiff's Complaint:

### DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's performance of the obligations was, at all relevant times and remains, impossible and/or impractical due to circumstances which were unanticipated at the time Defendant agreed to undertake the obligation and which remain beyond Defendant's control.

## Third Defense

Plaintiff's claims are barred, in whole or in part, because the incident of which Plaintiff complains was occasioned not by Defendant's negligent or willful wrongdoing but by an act of God over which Defendant had no control.

## Fourth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant has been prevented from performing under the Loan[1] because of a force majeure.

## Fifth Defense

Upon information and belief, the State of West Virginia is responsible for the repairs needed to the bridge and culvert providing access to the Property.

## Sixth Defense

Defendant's liability is limited by Section 11.22 of the Loan Agreement to the extent the Complaint seeks a monetary judgment against Defendant.

## Seventh Defense

Plaintiff is estopped from asserting any claims for relief in this action by virtue of Plaintiff's own action or conduct.

## Eighth Defense

Plaintiff is estopped from asserting the claims for relief in this action based on breach of material terms of the Loan Documents and unreasonable conduct in refusing to (i) release reserve funds to enable to Defendant to make needed repairs to the storm water culvert prior to the June 23, 2016 flood, and (ii) agree to a feasible reinstatement of the Loan after the June 23, 2016 flood.

---

[1]Capitalized terms not otherwise defined herein have the meanings ascribed in the Loan Agreement Dated as of September 17, 2003, Doc. 7, pp. 17-178.

2

## Ninth Defense

The Complaint and each claim for relief in it are barred by laches and other equitable time limitations.

## Tenth Defense

The Complaint and each claim for relief in it are barred by the doctrine of unclean hands.

## Eleventh Defense

Appointment of a receiver under the facts of this case is inequitable and would be futile in light of the fact that the bridge and culvert are located on property owned by the State of West Virginia, Division of Highways, which has responsibility for constructing a new bridge to provide access to the Property; and because Plaintiff has unclean hands due to its willful failure to approve needed repairs to the culvert in January, 2016, its delay in addressing Defendant's concerns about the destruction of the bridge for more than a month, and its unreasonable rejection of Defendant's proposals for rebuilding the bridge and culvert and reinstating the Loan.

## Twelfth Defense

Appointment of a receiver will only add fees and costs to further burden Defendant without any proof that the receiver will be in a better position to remedy the damage caused by the flood.

## Thirteenth Defense

Appointment of a receiver will not expedite the process to remedy the damage caused by the flood.

## Fourteenth Defense

The existence of a contractual provision allowing for appointment of a receiver does not justify the appointment of a receiver unless the Court finds that (i) possession of the property by

3

Defendant was obtained by fraud; (ii) the property or income from it is in danger of loss from the neglect, waste, misconduct or insolvency of Defendant, and (iii) Plaintiff lacks an adequate remedy at law.

## Fifteenth Defense

Plaintiff's Complaint fails to allege sufficient facts to enable the court to determine whether or not federal diversity jurisdiction exists, and therefore must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## Sixteenth Defense

Defendant reserves the right to assert additional affirmative defenses, if and to the extent such defenses become known during discovery and are applicable.

## ANSWER

In response to the specific numbered paragraphs in Plaintiff's Complaint, Defendant states the following:

## Introduction

1.      In response to the allegations in Paragraph 1 of the Complaint, Defendant admits that the civil action purports to be a breach of contract action relating to the Loan to Defendant now held by Plaintiff, which Defendant admits is secured by the Property located at what is known as the Crossings Mall in Elkview, West Virginia.  Defendant admits that it owns the Crossings Mall Property.  Defendant is without sufficient knowledge or information to form a belief as to the reason for Plaintiff's decision to file this action.  Defendant admits that in the Complaint Plaintiff attempts to assert contractual and legal remedies and further admits that Plaintiff has filed a motion for appointment of a receiver to operate and manage the property. Defendant admits that events of default may have occurred, but that these events were caused by

an act of God, namely, the devastating flooding in June of 2016, which destroyed the bridge and culvert providing access to the Crossings Mall Property.  Defendant affirmatively states that this bridge and culvert are located on property belonging to the State of West Virginia, Division of Highways.  Further, upon information and belief, that Plaintiff's pre-flood refusal of Defendant's request for Capital Expenditure Funds to repair the culvert contributed or directly led to destruction of the bridge and culvert, and the failure of the State of West Virginia to construct a new bridge has injured Defendant, and resulted in tenants refusing to make lease payments to Defendant, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

2.      In response to Paragraph 2 of the Plaintiff's Complaint, Defendant lacks knowledge or information sufficient to form a belief as to whether or not diversity jurisdiction exists under 28 U.S.C. §1332, and affirmatively states that Plaintiff has failed to plead sufficient facts to enable the Court to determine whether or not it is the real party in interest in this action, or alternatively the holders of COMM 2013-CCRE13 Mortgage Trust Commercial Mortgage Pass-Through Certificates are the real parties in interest, because Plaintiff has failed to show that it possesses powers to hold, manage and dispose of trust assets.  *See, Navarro Sav. Ass'n v. Lee,* 446 U.S. 458 (1980), *Carden v. Arknoma Associates,* 494 U.S. 185 (1990), *Emerald Investors Trust v. Gaunt Parsippany Partners,* 492 F.3d 192, 200-203 (3rd Cir. 2007).

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Plaintiff's Complaint.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 of the Plaintiff's Complaint.

5.      Defendant admits that it is a Georgia limited liability company but denies that its principal business address is as stated in Paragraph 5 of the Plaintiff's Complaint.  Defendant admits that Rebecca A. Abruzzino and William A. Abruzzino are the members of Tara Retail Group, LLC, and that Mr. and Mrs. Abruzzino are residents of the State of Florida.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Plaintiff's Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Plaintiff's Complaint.

### Background

### Borrower's Loan Secured by the Crossings Mall Property

8.      Defendant admits the allegations in Paragraph 8 of the Plaintiff's Complaint.

9.      Defendant admits the allegations in Paragraph 9 of the Plaintiff's Complaint.

10.      Defendant admits the allegations in Paragraph 10 of the Plaintiff's Complaint.

11.      Defendant admits the allegations in Paragraph 11 of the Plaintiff's Complaint.

12.      Defendant admits the allegations in Paragraph 12 of the Plaintiff's Complaint.

13.      Defendant admits the allegations in Paragraph 13 of the Plaintiff's Complaint.

14.      The statements in Paragraph 14 of the Plaintiff's Complaint do not require a response.

### Flood Damage to the Property

15.      Defendant admits the allegations in Paragraph 15 of the Plaintiff's Complaint.

16.      Defendant admits the allegations in Paragraph 16 of the Plaintiff's Complaint.  In further response, Defendant states that the destruction of the bridge and culvert, and the subsequent fact that people were stranded at the Property, were due to no fault on Defendant's part and was the result of an act of God, namely, the unprecedented flood.

6

17.     Defendant admits the allegations in Paragraph 17 of the Plaintiff's Complaint except that Defendant disputes that many of the retail businesses at the Property have closed their doors.  In further response, Defendant states that the destruction of the bridge and culvert, and the subsequent fact that people were stranded at the Property, were due to no fault on Defendant's part and was the result of an act of God, namely, the unprecedented flood. Additionally, the bridge and culvert are located in, over, and upon the West Virginia Division of Highway's right of way in connection with County Route 45.   Defendant has undertaken significant efforts to replace the bridge and culvert, including obtaining the necessary permits and engineering for the project.   Furthermore, prior to the flood, Defendant requested that Plaintiff or it servicer release reserve funds to Defendant to make repairs to the storm water culvert near the entrance to the Shopping Center, but Plaintiff or its servicer unreasonably denied Defendant's request.

18.     Defendant admits the allegations in Paragraph 18 of the Plaintiff's Complaint.

19.     Defendant admits the allegations in Paragraph 19 of the Plaintiff's Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Plaintiff's Complaint. For more than a month after the flood, Plaintiff and its servicer failed and refused to act on Defendant's multiple requests to facilitate Defendant's efforts to obtain funding for repairing the bridge and culvert.   At its own expense, Defendant has obtained necessary permits and engineering needed to construct a new bridge.  Before this case was filed, Defendant also offered to rebuild the bridge and culvert using Capital Expenditure Funds and additional funds to be advanced by its beneficial owner, provided that Plaintiff would agree to add all missed payments to the end of the Loan.  Plaintiff refused to agree to add all missed payments to the end of the Loan and instead insisted that all missed payments would have to be amortized over twelve (12)

months, even though the Rents from the Property are not sufficient to allow Defendant to amortize all missed payments over twelve (12) months.  See, letter dated July 28, 2016, by George H. Freisem, counsel for Tara Retail, to Carrie Booker at Servicer, a copy of which is attached hereto as Exhibit A. Defendant has also been working to determine whether any of the repairs would be covered by insurance and whether State of West Virginia, Division of Highways, has responsibility to replace the bridge and culvert.

**Borrower's Continuing Defaults under the Loan Documents**

21.     Defendant denies the allegations in Paragraph 21 of the Plaintiff's Complaint and all subparts thereof.

22.     In response to Paragraph 22 of the Plaintiff's Complaint, Defendant admits that it has failed to make the required payments since the flood, but lacks knowledge or information sufficient to form a belief as to whether there has been a payment default.  Plaintiff has sent a letter to tenants of the Crossings Mall directing them to make rent payments directly to Plaintiff, and, upon information and belief, some of the Crossings Mall tenants have paid rents to Plaintiff after the flood. Plaintiff has not reported this collection activity to Defendant, so Defendant demands an accounting from Plaintiff of all rents received by it, and the application of those rent payments.  Defendant further states, upon information and belief, that Plaintiff's pre-flood denial of requests for Capital Expenditure Funds to repair the  culvert near the entrance to the shopping center contributed or directly led to destruction of the bridge and culvert in the June, 2016 flood, and the failure of the State of West Virginia to construct a new bridge has further injured Defendant, resulting in tenants refusing to make lease payments to Defendant, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

23.     Defendant is without sufficient knowledge or information to form a belief as to the balance owed as of August 3, 2016 as alleged in Paragraph 23 of the Plaintiff's Complaint. As to the remaining allegations therein, whether other amounts are recoverable is controlled by the express terms of the Loan Documents.  Defendant denies that Plaintiff is entitled to recovery any interest, fees, attorney's fees, and other amounts beyond that which is permitted under the Loan Documents.

24.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Plaintiff's Complaint.

25.     In response to the allegations in Paragraph 25 of the Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth as to Plaintiff's bases for bringing this civil action.  Defendant lacks knowledge or information sufficient to form a belief as to whether there is any default under the Loan, but states that any default was the result of the unprecedented flooding and related damage, which was beyond Defendant's control and which has made it impossible or impractical for Defendant to perform its Loan obligations.  Defendant further states, upon information and belief, that Plaintiff's and its servicer's denial of requests for Capital Expenditure Funds to repair the storm water culvert near the entrance to the shopping center caused or contributed to the damage caused by the flood, and the failure of the State of West Virginia to replace the bridge has further damaged Defendant, resulting in tenants of the Crossings Mall Property refusing to make lease payments, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

9

## FIRST CAUSE OF ACTION:  MONEY JUDGMENT

26.     Defendant incorporates by reference its responses set forth in the preceding paragraphs.

27.     Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 27 of the Plaintiff's Complaint but in further response states that any default was the result of the unprecedented flooding and related damage, which was beyond Defendant's control and which has made it impossible or impractical for Defendant to perform its Loan obligations.  Defendant further states that Plaintiff's and its servicer's denial of pre-flood requests for Capital Expenditure Funds to repair the culvert near the entrance to the Crossings Mall Property constitute a breach of the Loan Documents, and contributed to or caused the damage caused by the flood.  In addition, the failure of the State of West Virginia to replace the bridge has further damaged Defendant, resulting in tenants of the Crossings Mall Property refusing to make lease payments, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

28.     Subject to its affirmative defenses, Defendant admits the allegations in Paragraph 28 of the Plaintiff's Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Plaintiff's Complaint.  In further response, Defendant asserts that this is a non-recourse Loan limited to the collateral securing repayment of the Loan and that Defendant's recourse liability is strictly limited pursuant to section 11.22 of the Loan Agreement.  Defendant further states that Plaintiff's denial of pre-flood requests for reserve funds to repair the culvert near the entrance to the shopping center contributed to or caused the damage caused by the flood, and the failure of the State of West Virginia to replace the bridge has further damaged Defendant, resulting in tenants of the

Crossings Mall Property refusing to make lease payments, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

30.     Defendant denies the allegations in Paragraph 30 of the Plaintiff's Complaint.

**SECOND CAUSE OF ACTION:  SPECIFIC PERFORMANCE**

31.     Defendant incorporates by reference its responses set forth in the preceding paragraphs.

32.     Subject to its affirmative defenses, Defendant admits the allegations in Paragraph 32 of the Plaintiff's Complaint.

33.     Defendant is without sufficient knowledge or information to form a belief as to the allegations in Paragraph 33 of the Plaintiff's Complaint but in further response states that any default was the result of the unprecedented flooding and related damage, which was beyond Defendant's control and which has made it impossible for Defendant to perform its Loan obligations.  Defendant further states that Plaintiff's denial of pre-flood requests for reserve funds to repair the storm water culvert near the entrance to the shopping center contributed to or caused the damage caused by the flood, and the failure of the State of West Virginia to replace the bridge has further damaged Defendant, resulting in tenants of the Crossings Mall Property refusing to make lease payments, which in turn has precluded Defendant from timely performance of its obligations with respect to the Loan.

34.     In response to the allegations in Paragraph 34 of the Plaintiff's Complaint, Defendant states that Section 7.1(g) of the Deed of Trust speaks for itself.  Defendant denies the allegations in Paragraph 34 to the extent inconsistent with the actual language of Section 7.1(g) of the Deed of Trust.  In further response, Defendant states that ultimately whether Plaintiff is entitled to a receiver is determined by a balance of the equities and that the balance of the

11

equities do not favor appointment of a receiver in this instance because (i) possession of the property by Defendant was not obtained by fraud; (ii) the events giving rise to the current state of affairs at the Property are not the result of the neglect, waste, misconduct or insolvency of Defendant; and (iii) Plaintiff has an adequate remedy at law, by simply foreclosing on the Property.

35.     In response to the allegations in Paragraph 34 of the Plaintiff's Complaint, Defendant states that Section 7.1(f) of the Deed of Trust speaks for itself.  Defendant denies the allegations in Paragraph 35 to the extent inconsistent with the actual language of Section 7.1(f) of the Deed of Trust.

36.     In response to the allegations in Paragraph 36 of the Plaintiff's Complaint, Defendant admits that the Loan at issue is nonrecourse and further states that none of the exceptions converting the Loan to a recourse loan are applicable.  Defendant denies that any legal remedy available to Plaintiff is inadequate.

37.     Defendant admits the allegations in Paragraph 37 of the Plaintiff's Complaint and affirmatively states that, for more than a month after the flood, Plaintiff and its servicer failed and refused to act on Defendant's multiple requests to facilitate Defendant's efforts to obtain funding for repairing the bridge and culvert.  See, letter dated July 28, 2016, by George H. Freisem, counsel for Tara Retail, to Carrie Booker at Servicer, a copy of which is attached hereto as Exhibit A. Further, that Defendant has obtained necessary permits and engineering needed to construct a new bridge, and before this case was filed, Defendant offered to rebuild the bridge and culvert using Capital Expenditure Funds and additional funds to be advanced by its beneficial owner, provided that Plaintiff would agree to add all missed payments to the end of the Loan.  Plaintiff refused to agree to add all missed payments to the end of the Loan and

instead insisted that all missed payments would have to be amortized over twelve (12) months, even though the Rents from the Property are not sufficient to allow Defendant to amortize all missed payments over twelve (12) months.  Thus, appointment of a receiver is not going to result in the work being performed any sooner, because a Receiver would have to (i) assert claims against Plaintiff due to its pre-flood denial of requests for Capital Expenditure Funds to repair the  culvert near the entrance to the shopping center which contributed or directly led to destruction of the bridge and culvert in the June, 2016 flood, and (ii) assert claims against the State of West Virginia, Division of Highways for the cost of replacement of the bridge and culvert.

38.     Defendant denies that it has claimed that it does not have the resources to pay for the bridge construction.  Defendant affirmatively states that, before this action was filed, Defendant made a proposal to rebuild the bridge and culvert using Capital Expenditure Funds and its own funds, provided that Plaintiff would agree to add the missed payments to the end of the Loan, but Plaintiff has refused to add the missed payments to the end of the Loan and instead insisted that the missed payments be amortized over twelve (12) months, even though the Rents from the Property are not sufficient to allow Defendant to amortize all missed payments over twelve (12) months.  Defendant admits that it has obtained the permits necessary for construction of the bridge and admits that neither it nor the State of West Virginia has begun construction. Defendant's representatives have met with representatives of the State of West Virginia, but to date the State has failed to accept any responsibility for any costs to construct a replacement culvert or bridge. Upon information and belief, Defendant maintains that the State of West Virginia, Division of Highways and possibly insurance bears some or all responsibility for the cost of repairs and replacement of the bridge and culvert.

39.     Defendant denies the allegations in Paragraph 39 of the Plaintiff's Complaint, and affirmatively states that appointment of a receiver will not result in any prompt resolution of the issues delaying construction of the bridge and culvert, and that it remains willing to undertake to rebuild the bridge and culvert using Capital Expenditure Funds and its own funds, provided that Plaintiff will agree to add the missed payments to the end of the Loan.

40.     Defendant denies the allegations in Paragraph 40 of the Plaintiff's Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Plaintiff's Complaint and denies that appointment of a receiver will result in any prompt resolution of the issues delaying construction of the bridge and culvert.

42.     Except as otherwise specifically admitted, explained or qualified herein, Defendant denies each and every allegation contained in the Complaint.

**WHEREFORE**, Defendant, Tara Retail Group, LLC, denies that Plaintiff is entitled to the relief requested with respect to the First Cause of Action and the Second Cause of Action, denies that Plaintiff is entitled to have a receiver appointed, requests that the Court deny Plaintiff's request for relief, requests that the Court enter judgment in favor of Defendant, and requests that the Court grant Defendant such other and further relief as the Court deems appropriate, including payment of its costs and attorney fees incurred in defending this action.

**COUNTERCLAIM AGAINST U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE 12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES**

Defendant, Tara Retail Group, LLC, by counsel, states as follows for its Counterclaim against Plaintiff, U.S. Bank, National Association, as Trustee for the Benefit of the Holders of COMM 2013-CCRE13 Mortgage Trust Commercial Mortgage Pass-Through Certificates:

1.     Plaintiff is the current holder of the Loan which is the subject of Plaintiff's Complaint.

2.     The original lender for the Loan was UBS Real Estate Securities Inc.  UBS Real Estate Securities, Inc. assigned the Loan to Plaintiff

3.     Wells Fargo Commercial Mortgage Servicing ("Servicer") was the servicer of the Loan on behalf of Plaintiff at all times relevant to the allegations in Defendant's Counterclaim.

4.     At all times relevant to Defendant's Counterclaim, Servicer was acting as an agent on behalf of Plaintiff, was acting within the scope of its agency relationship with Plaintiff, and thus Plaintiff is liable for the improper acts of Servicer.

5.     Section 6.4 of the Loan Agreement creates a Capital Expenditure Account, requires a Monthly Capital Expenditure Deposit, and controls the disbursement of Capital Expenditure Funds.  (*See* Loan Agreement, attached as Exhibit B to Plaintiff's Complaint).

6.      Pursuant to Section 6.4.1 of the Loan Agreement, from each Loan payment, an amount equal to Three Thousand Four Hundred Ninety Three and 62/100 Dollars ($3,493.62) was deposited with the Lender for "annual Capital Expenditures set forth in the Approved Annual Budget or ***otherwise approved by Lender, which approval shall not be unreasonably withheld or delayed*. " (Emphasis added).

7.     On or about January 22, 2016, Defendant made a written request to Servicer for disbursement of Capital Expenditure Funds for Capital Expenditures, which included funds to perform certain work on the culvert at the entrance to the Shopping Center.  (*See* Exhibit B, Email from Dario Campelo to Carrie Booker dated January 22, 2016).

8.     In its request, Defendant's representative expressed the urgent need for the repairs to be made to avoid the collapse of the only entrance to the Shopping Center.  (*See id.*)

9.     Defendant submitted estimates and other documentation in support of its request for release of the requested Capital Expenditure Funds for this project.

10.     Upon information and belief, Plaintiff and Servicer willfully denied Defendant's request and refused to make Capital Expenditure Funds available, despite the reasonableness of the request and the importance of the repairs to the continued viability of the Shopping Center.

11.     As detailed in Plaintiff's Complaint, a devastating flood on June 23, 2016, resulted in the complete destruction of the bridge and culvert providing access to the Crossings Mall Property. Upon information and belief, Plaintiff's denial of Defendant's request for Capital Expenditure Funds caused or substantially contributed to the destruction of the bridge and culvert.

12.     In addition to denials of Defendant's requests with respect to the repairs to the culvert, Plaintiff and Servicer have not properly handled the escrow accounts established by the Loan Documents to deal with insurance, common area repairs and other repairs.

13.     On other occasions, Servicer has refused to release funds for such repairs despite presentation of invoices and documentation in support thereof.

14.     By letter dated July 28, 2016, counsel for Defendant, George H. Freisem, outlined these various issues to Carrie Booker at Servicer.  (*See* Exhibit A).

15.     Plaintiff and Servicer have a pattern of unreasonably denying Defendant's good-faith requests for disbursement of Capital Expenditure Funds and other necessary reserve funds without sufficient basis or reasoning to support such denials.

### Count I—Breach of Contract

16.     The allegations in the preceding paragraphs are incorporated herein by reference as if set forth verbatim.

17.     Defendant's request for Capital Expenditure Funds on January 22, 2016, represented a request for expenditures outside its annual budget.

18.     Defendant provided Plaintiff and/or Servicer with information and documents required by Section 6.4.2 of the Loan Agreement in support of its request for release of Capital Expenditure Funds.

19.     Plaintiff and Servicer unreasonably and willfully denied Defendant's request for Capital Expenditure Funds to be allotted for purposes of replacing the storm water culvert prior to the flood in June of 2016.

20.     Plaintiff's and Servicer's denial of Defendant's reasonable requests for disbursement of the Capital Expenditure Funds in connection with the storm water culvert constitutes a breach of the Loan Agreement.

21.     Plaintiff's and Servicer's unreasonable denial of Defendant's request caused or contributed to the destruction of the culvert during the flooding in June of 2016.

22.     As a proximate result of Plaintiff's and Servicer's breaches of the Loan Agreement, Defendant has incurred damages (including attorneys' fees, costs, and expenses), lost business income, and other damages in an amount to be determined by the trier of fact.

### Count II—Breach of Duty of Good Faith and Fair Dealing

23.     The allegations in the preceding paragraphs are incorporated herein by reference as if set forth verbatim.

24.     The Loan Documents contain an implied in law covenant of good faith and fair dealing.

25.     Under the Loan Documents, the Plaintiff and Servicer had a duty to act in good faith in considering Defendant's request for disbursement of Capital Expenditure Funds or other reserve funds.

26.     Plaintiff and Servicer's actions as alleged herein constitute a breach of the duty of good faith and fair dealing.

27.     As a proximate result of Plaintiff's breaches of the Loan Agreement, Defendant has incurred damages (including attorneys' fees, costs, and expenses), lost business income, and other damages in an amount to be determined by the trier of fact.

### Count III—Action for Accounting

28.     The allegations in the preceding paragraphs are incorporated herein by reference as if set forth verbatim.

29.     Plaintiff and Servicer have failed and refused to disclose their calculations, methodologies, and other bases for: withholding funds on deposit in reserve accounts; demanding turnover of rent payments when the Servicer has been receiving or collecting the same, and demanding that Defendant pay excessive penalties, expenses, and other loan-related fees.

30.     Defendant is entitled to an accounting of what rents and other funds on deposit have been disbursed, and there is an absence of adequate remedy at law.

31.     Accordingly, Defendant hereby demands a full accounting regarding the management, administration, and handling of the Loan, including, but not limited to, a full disclosure of all charges, penalties, receipts, deposits, lease payments received, accounts, and disbursements from all reserve accounts relating to the subject Loan.

**Count IV—Declaratory Judgment**

32.     The allegations in the preceding paragraphs are incorporated herein by reference as if set forth verbatim.

33.     Pursuant to 28 U.S.C. §2201, et seq., this Court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of Defendant and Plaintiff under the Loan Documents.   A present controversy exists between Defendant and Plaintiff and its Servicer.

34.     Plaintiff is entitled to a declaratory judgment that (i) Defendant is not in default of its obligations under the Loan Documents, and (ii) Plaintiff is liable to Defendant for the cost of rebuilding the bridge and culvert, due to Plaintiff's bad faith denial of Defendant's request for Capital Expenditure Funds to repair the culvert in January, 2016.


**<u>REQUEST FOR RELIEF</u>**

**WHEREFORE**, Counterclaimant Tara Retail Group, LLC, respectfully requests that this Court enter judgment for it and against the Plaintiff, awarding Tara Retail Group, LLC the following relief:

     a.     compensatory damages;

     b.     consequential damages;

     c.     punitive damages;

     d.     prejudgment and post-judgment interest at the appropriate rates established by law;

     e.     declaratory judgment that (i) Defendant is not in default of its obligations under the Loan Documents, and (ii) Plaintiff is liable to Defendant for the cost of rebuilding the bridge and culvert, due to Plaintiff's bad faith denial of Defendant's request for Capital Expenditure Funds to repair the culvert in January, 2016;

     f.     reasonable attorneys' fees;

g.      costs of Court; and

h.      such other and further relief, at law or in equity, which this Court deems just and
        appropriate.


                                            Respectfully submitted,

                                            **TARA RETAIL GROUP, LLC,**

                                            By counsel,


/s/  Steven L. Thomas
Steven L. Thomas (WVSB # 3738)
Thomas H. Ewing (WVBS # 9655)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25227
Tel:  304-345-8900
sthomas@kaycasto.com
tewing@kaycasto.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE BENEFIT OF THE
HOLDERS OF COMM 2013-CCRE 12
MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES,**

        **Plaintiff,**

**v.**                                       **Civil Action No. 2:16-cv-09232
(Judge Johnston)**

**TARA RETAIL GROUP, LLC,**

        **Defendant.**

<u>**CERTIFICATE OF SERVICE**</u>

      I, Steven L. Thomas, do hereby certify that on this 30th day of November, 2016, I have electronically filed the foregoing *Amended Defenses and Answer to Plaintiff's Complaint and Counterclaim* with the Clerk of the Court using the CM/ECF which will send notification of such filing to all parties listed in the Court's electronic mailing list.

                         Christopher P. Schueller, Esq.
                         Buchannan Ingersoll & Rooney LLP
                         One Oxford Centre
                         301 Grant Street, 20th Floor
                         Pittsburgh, PA 15219
                         christopher.schueller@bipc.com
                           *Counsel for Plaintiff*

                         /s/  Steven L. Thomas
                         Steven L. Thomas (WVSB #7378)