IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

U.S. BANK, NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE BENEFIT OF THE
HOLDERS OF COMM 2013-CCRE 12
MORTGAGE TRUST COMMERCIAL
MORTGAGE PASS-THROUGH
CERTIFICATES,

        **Plaintiff,**

v.                                                                                      Civil Action No. 2:16-cv-09232
                                                                                          (Judge Johnston)

**TARA RETAIL GROUP, LLC,**

        **Defendant.**

### TARA RETAIL GROUP, LLC'S MOTION TO REFER COUNTERCLAIM TO UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

        Pursuant to 28 U.S.C. § 157(a) and Local Rule of Civil Procedure 83.13, Defendant Tara Retail Group, LLC ("Tara"), by counsel, hereby moves the Court to refer Tara's counterclaim against Plaintiff in this civil action (the "Counterclaim") to the United States Bankruptcy Court for the Southern District of West Virginia. In support of its motion, Tara states the following:

        1.     This civil action was initiated by Plaintiff filing the *Complaint* [Doc. No. 1] on September 28, 2016.

        2.     Tara filed an *Answer* [Doc. No. 14] on November 2, 2016.

        3.     Thereafter, on November 30, 2016, Tara filed its *Amended Defenses and Answer to Plaintiff's Complaint and Counterclaim* [Doc. No. 28]. In the Counterclaim, Tara states four (4) causes of action, all of which arise out of the conduct of Plaintiff and its agent, Wells Fargo Commercial Mortgage Servicing, with respect to that certain Capital Expenditure Account

created by Section 6.4 of the Loan Agreement, and the destruction of the bridge and culvert providing access to Crossings Mall Property, owned by Tara.

4. As a result of the destruction of the bridge and culvert, which provided access to the Crossings Mall Property, and the notice of foreclosure issued by Plaintiff on December 27, 2016, Tara filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of West Virginia (the "Bankruptcy Court"), initiating Case No. 17-bk-00057 (the "Bankruptcy Case.") on January 24, 2017.

5. On January 27, 2017, Tara filed a Suggestion of Bankruptcy related to the Bankruptcy Case. [*See* Doc. No. 53]. Shortly thereafter, this Court entered an order staying further proceedings in this case. [*See* Doc. No. 54]. Technically however, only Plaintiff's claim against Tara is subject to the automatic stay, pursuant to 11 U.S.C. §362.

6. Tara's Counterclaim in this action is an asset, listed as such on Schedule A/B, Part 10, Line 75 in the Bankruptcy Case (Doc. 7), and thus is directly related to the Bankruptcy Case. Pursuant to Local Rule of Civil Procedure 83.13 and 28 U.S.C. § 157(a), all proceedings related to a case under Title 11 are automatically referred to the bankruptcy court for disposition. Thus, Tara requests the Court to refer the Counterclaim in this action to the United States Bankruptcy Court for the Southern District of West Virginia, pursuant to L.R.Civ.P. 83.13, and 28 U.S.C. § 157(a).

7. Pursuant to 28 U.S.C. § 1334(b), this Court has jurisdiction over this proceeding, and therefore may refer the Counterclaim to the Bankruptcy Court for this District.

8. Although Tara's Bankruptcy Case is pending in the Northern District of West Virginia, venue in the Southern District of West Virginia remains proper pursuant to 28 U.S.C. § 1391 because "a substantial part of the events or omissions giving rise to the claim occurred"

in this District, and "a substantial part of the property that is the subject of the action is situated" in this District.  28 U.S.C. § 1391(b)(2).

9. Further, pursuant to 28 U.S.C. 152(d) and Rule 1073-1 of the Local Bankruptcy Court Rules for the Southern District of West Virginia, the bankruptcy judges in the northern and southern districts of West Virginia have concurrent State-wide jurisdiction.  "By agreement between the Bankruptcy Judges of the Northern and Southern Districts of West Virginia, each judge may assign cases filed within his district to the judge of the other district as the press of business, workload or the interest of justice dictates."  Bankr. S.D.W. Va. R. 1073-1.

**WHEREFORE**, Defendant, Tara Retail Group, LLC respectfully requests that the Court enter an order under Local Rule of Civil Procedure 83.13 and 28 U.S.C. § 157(a) referring Tara's Counterclaim against Plaintiff in this civil action to the United States Bankruptcy Court for the Southern District of West Virginia and granting Tara such other and further relief as the Court deems appropriate.

                                 **TARA RETAIL GROUP, LLC,**

                                 By counsel,

/s/ Steven L. Thomas
Steven L. Thomas (WVSB # 3738)
Thomas H. Ewing (WVBS # 9655)
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25227
Tel:  304-345-8900
sthomas@kaycasto.com
tewing@kaycasto.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF COMM 2013-CCRE 12 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,**

      **Plaintiff,**

v.                                                   Civil Action No. 2:16-cv-09232
                                                         (Judge Johnston)

**TARA RETAIL GROUP, LLC,**

      **Defendant.**

## CERTIFICATE OF SERVICE

I, Steven L. Thomas, do hereby certify that on **April 28, 2017**, I have electronically filed the foregoing ***Tara Retail Group, LLC's Motion to Refer Counterclaim to the United States Bankruptcy Court for the Southern District of West Virginia*** with the Clerk of the Court using the CM/ECF which will send notification of such filing to all parties listed in the Court's electronic mailing list.

                                      Christopher P. Schueller, Esq.
                                      Buchannan Ingersoll & Rooney LLP
                                      One Oxford Centre
                                      301 Grant Street, 20th Floor
                                      Pittsburgh, PA 15219
                                      christopher.schueller@bipc.com
                                      *Counsel for Plaintiff*

                                      /s/ Steven L. Thomas
                                      Steven L. Thomas (WVSB # 3738)